## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NAEEM VAUGHN,** | (Civ. No. 16-3608) (WJM) |
| **Petitioner,** | (Crim. No. 14-616) (WJM) |
| **v.** | Hon. William J. Martini |
| **UNITED STATES OF AMERICA,** | **OPINION** |
| **Respondent.** | |

This matter comes before the Court on *pro se* Petitioner Naeem Vaughn's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Vaughn challenges his sentence on the following three grounds. First, his prior conviction for aggravated assault does not qualify as a "crime of violence" for the purpose of setting his Base Offense Level, because the United States Sentencing Guidelines (the "Guidelines") implement the same "residual clause" deemed unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Second, Vaughn received ineffective assistance of counsel because his lawyer failed to make a certain *Brady* challenge regarding the application of a 2-level enhancement under 2K2.1(b)(4)(a). Third, the Court incorrectly applied a 4-level enhancement under sentencing guideline § 2K2.1(b)(6)(B) (using a firearm in connection with another felony). There was no oral argument. For the reasons stated below, Vaughn's § 2255 motion is **DISMISSED WITH PREJUDICE** and the relief requested therein is **DENIED**.

## I.    BACKGROUND

### A.  Criminal Offense and Sentencing

On May 7, 2014, Petitioner Naeem Vaughn was arrested by Newark Police Department Officers who were conducting a routine patrol of Stephen Crane Plaza. Two officers saw Vaughn pick up a firearm and begin running in the opposite direction. While fleeing Vaughn parted ways with the firearm, later identified as a .40 caliber HiPoint Smith & Wesson. When he eventually submitted to arrest, Vaughn was found to be in possession of 30 "baggies" of crack cocaine.

On January 21, 2015, Vaughn pleaded guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). There was no plea agreement. At sentencing, the Court adopted the Government's finding of an offense level of 27, with an advisory guideline range of 100-120 months. *See* Sentencing Transcript ("Tr.") 21:3-7, Docket No. 14-cr-616, ECF No. 20. The offense level was predicated on a 2-level enhancement for use of a stolen firearm, § 2K2.1(b)(4)(A), and a 4-level enhancement for use of a firearm "in connection with another felony offense," § 2K2.1(b)(6)(B), namely possession of cocaine with intent to distribute. Vaughn's attorney argued that the prosecutor failed to establish that the gun was in fact stolen or that the drugs were intended for distribution rather than for personal use. Tr. 7-9. The Court disagreed and found, based on a preponderance of the evidence, that both enhancements would apply. Tr. 21:3-5. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court departed downward to offense level 24 and sentenced Vaughn to a term of 78 months. Tr. 32-33. Vaughn now resides at USP Allenwood in Allenwood, Pennsylvania. Docket No. 16-cv-616, ECF No. 1.

## B.  The Instant Motion under 28 U.S.C. § 2255

Vaughn has filed a *pro se* § 2255 motion seeking to vacate or modify his sentence on three grounds. First, Vaughn claims that the residual clause in Guideline § 2K2.1(a)(1) is unconstitutionally void for vagueness pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Second, Vaughn asserts that his right to effective counsel was violated because his counsel failed to challenge under *Brady v. Maryland* the Court's application of a 2-level enhancement under 2K2.1(b)(a). Lastly, Vaughn argues that the government failed to establish that Vaughn used the firearm while in possession with intent to distribute drugs, a finding which led to a 4-level enhancement under 2K2.1(b)(6)(B). The motion is timely under 28 U.S.C. § 2255(f)(3).

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A hearing is not required for § 2255 motion where "the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Padilla–Castro*, 426 F. App'x 60, 63 (3d Cir. 2011) (quoting 28 U.S.C. § 2255(b)); *accord United States v. Day,* 969 F.2d 39, 41-42 (3d Cir. 1992). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a

fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178 (1979) (internal quotations omitted).

## III.  DISCUSSION

### 1.  The Residual Clause under Guideline 2K2.1(a)(2)

Petitioner Vaughn argues that his prior conviction for aggravated assault cannot qualify him for enhancement as a "crime of violence" under the "residual clause" of § 2K2.1(a)(2)[1] in light of *Johnson*, 135 S. Ct. at 2563. The Supreme Court in *Johnson* struck down an identical residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. at 2563.[2] That holding applies retroactively pursuant to *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Vaughn's challenge nonetheless fails because the Supreme Court has since held that the Federal Sentencing Guidelines are not susceptible to challenges under the void-for-vagueness doctrine delineated in *Johnson*. *Beckles v. United States*, 137 S. Ct. 886, 896 (2017). Accordingly, *Johnson* provides no basis for relief from the Court's application of U.S.S.G. § 2K2.1(a)(2). Vaughn's prior conviction for aggravated assault was properly treated as a "crime of violence" under the advisory Guidelines when the Court set a Base Offense Level of 24.

### 2.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To demonstrate ineffective assistance of counsel, Vaughn must satisfy the two-part test outlined in *Strickland*. *Id.* at 687. First, he must show that his attorney's representation was not "within the range of competence demanded of attorneys in criminal cases." *Id.* Second, he must show "prejudice." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Strickland*, 466 U.S. at 687. Vaughn fails to satisfy either part of the *Strickland* test.

---

[1] United States Sentencing Guideline § 2K2.1(a)(2) specifies a Base Offense Level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. 2K2.1(a)(2). Application note 1 of § 2K2.1 states that "crime of violence" has the same meaning given to that phrase under 4B 1.2(a), which is virtually identical to the residual clause in the ACCA that was struck down by *Johnson*. *See infra* n. 2.

[2] ACCA's "residual clause" is contained in its definition of "violent felony," which includes, *inter alia*, "burglary, arson , or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B).

Vaughn broadly asserts that counsel failed to argue that the 2-level enhancement under § 2K2.1(B)(a) is inapplicable because the government failed to establish that the gun was stolen. He argues that the government violated *Brady v. Maryland* by withholding a National Crime Information Center report which reflected no record of the weapon being lost or stolen. 373 U.S. 83 (1963). In fact, Vaughn's counsel did make this argument at sentencing. Tr. 7:24-8:3. Notwithstanding counsel's diligent efforts, the Court found by a preponderance of the evidence that the firearm was stolen. Tr. 19:14-25. Counsel's performance was clearly "within the range of competence demanded of attorneys in criminal cases." *Strickland*, 466 U.S. at 687.

### 3. Four-Level Enhancement under § 2K2.1(b)(6)(B).

The Guidelines provide for a 4-level increase for possession of a firearm with "intent . . . that it would be used or possessed in connection with another felony offense." § 2K2.1(b)(6)(B). The Court found sufficient evidence that Vaughn possessed the firearm while also in possession with intent to distribute cocaine. Tr. 20-21. Vaughn argues that the 4-point enhancement should not have applied because the government failed to show by a preponderance of the evidence that Vaughn intended to sell or distribute the drugs rather than use them for personal consumption. As the sentencing transcript suggests, the Court thoroughly considered and rejected this argument.[3] The Court finds no defect in the 4-level increase applied under 2K2.1(b)(6)(B).

## III. CONCLUSION

For the above reasons, Petitioner's 28 U.S.C. § 2255 motion is **DENIED** and **DISMISSED WITH PREJUDICE**.  An appropriate order follows.

_/s/ William J Martini_
**WILLIAM J. MARTINI, U.S.D.J.**

**July 20, 2017**

---

[3] For instance, the fact that Vaughn possessed 30 individual "baggies" of cocaine and more than $300 in cash suggested he was not simply using cocaine, but intending to distribute it. Tr. 20.